IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID OLIVER ALLEN, | No. C 06-7142 MJJ (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| KATHREEN MENDOZA-POWERS, | **(Docket No. 5)** |
| Respondent. | |

Petitioner, a California prisoner proceeding pro se, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a 1990 state court conviction from the San Francisco County Superior Court. In his petition, petitioner states that he received a six year sentence for this conviction.

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

Petitioner may not challenge his 1990 California conviction because he is not in custody on that conviction. The federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed. See 28 U.S.C. § 2254(a); Carafas v. LaVallee, 391 U.S. 234, 238 (1968). This requirement is jurisdictional. See id. A habeas petitioner must be in custody for the conviction or sentence under attack at the time the petition is filed. See Maleng v. Cook, 490 U.S. 488, 490-91 (1989). A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not "in custody" for the purposes of this court's subject matter jurisdiction, and his petition is thus properly denied. See De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990). In his petition, petitioner indicates that he received a six-year sentence in 1990, seventeen years ago. As the sentence has long since expired, he is no longer in custody on that conviction.

Petitioner further states that in 1997, this conviction was used as a "strike" to enhance a sentence on a different conviction in Alameda County Superior Court. A petitioner challenging a prior conviction he maintains is being used as a predicate or enhancement to his current confinement or sentence does satisfy the "custody" requirement of § 2254, even if such petitioner is no longer in custody on the prior conviction. See Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401-02 (2001). The Supreme Court has determined, however, that the prior conviction itself cannot be challenged by way of an attack upon the later sentence it was used to enhance. See id., at 403-04 (holding prior conviction cannot be challenged in § 2254 petition); Daniels v. United States, 532 U.S. 374, 382-83 (2001) (holding prior conviction cannot be challenged in § 2255 motion). With respect to state convictions in particular, the Supreme Court has stated:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

Coss, 532 U.S. at 403-04 (citation omitted). The only exception to this rule is a claim that

the prior conviction is unconstitutional because of a failure to appoint counsel in violation of the Sixth Amendment right to counsel as set forth in Gideon v. Wainwright, 372 U.S. 335 (1963).  See Coss, 532 U.S. at 404; Daniels, 532 U.S. at 382.  Here, petitioner challenges the 1990 conviction on the grounds that the trial court's "participation" in the plea discussions violated his right to due process, and that he was deprived ineffective assistance of counsel insofar as counsel did not adequately plan or prepare for trial, investigate the trial court's participation in the plea discussions, or advise petitioner of his appellate rights and procedures.  Neither of these claims constitutes a claim of denial of counsel under Gideon;[1] indeed, his brief makes clear he in fact had appointed counsel.  Consequently, the petition, even liberally construed, is not cognizable.

In light of the foregoing, this petition for a writ of habeas corpus action is hereby DISMISSED.  The request to proceed in forma pauperis is GRANTED.

This order terminates docket number 5 and all pending motions.  The Clerk shall close the file.

IT IS SO ORDERED.

DATED: 3/30/2007

MARTIN J. JENKINS
United States District Judge

---

[1] It is clear from petitioner's second claim that he received counsel, whom he views as ineffective.  As such, his claim is a claim of ineffective assistance of counsel governed by Strickland v. Washington, 466 U.S. 668, 686 (1984), not a Gideon claim of the denial of counsel altogether.

3